UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MCWHORTER, | ) | CASE NO. 1:11 CR 485-001 |
| | ) | |
| Defendant-Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Plaintiff-Respondent. | ) | |
| | ) | |

This matter comes before the Court upon William McWhorter ("Petitioner") Motion for Early Termination of Supervised Release under 18 U.S.C. § 3583(c)(1). (ECF #87). For the reasons set forth below, Petitioner's motion is DENIED.

**Factual and Procedural History**

On October 20, 2011, a federal grand jury returned an indictment charging Petitioner with one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a)&(d) and 2, and one count of aiding and abetting the use of a firearm, in violation of 18 U.S.C. 924(c)(1)(A). (ECF #12, PageID 69-71). Mr. McWhorter pleaded guilty to the indictment pursuant to a written plea agreement with the government on March 5, 2012. (ECF #37, PageID 128-143). On May 15, 2012, this Court sentenced Defendant to thirty-eight months imprisonment on the first count and 84 months imprisonment on the second count, for a total period of one hundred twenty-two months imprisonment, followed by three years supervised release. (EFC #53, PageID 268-273). Defendant's term of supervision began on May 19, 2020.

**Legal Standards for Relief and Argument**

This Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). The statute also instructs the Court to consider the factors set forth in 18 U.S.C. § 3553(a), which includes the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1) & 3553(a)(2)(D).

Mr. McWhorter's motion fails to show how early termination of his supervised release would advance the interest of justice. The Petitioner argues that he has "[satisfied] all the factors set forth for early termination…. [and] has completed all his terms of supervision and has no need for programming or treatment." (EFC #87, PageID 369). However, Mr. McWhorter's motion fails to establish that the § 3553(a) factors support his early termination, or that he is no longer a danger to the safety or the community. Defendant's crime was serious, and he acted as an organizer, leader, manager or supervisor supporting the criminal actions of his co-defendant, increasing the danger to community. He has not submitted evidence of any change in circumstances that would off-set the Court's original determination that a three year term of supervision is appropriate. The nature, circumstances, and seriousness of the crime, as well as the need for adequate deterrence and protection of the public all support continuing Mr. McWhorter on supervised release.

While the government does not dispute that Mr. McWhorter has been performing well under supervision to date, his success is at least partly attributable to the structure and resources

provided to him as part of his supervised release. Prematurely removing the support and oversight that has help him advance his rehabilitation would not serve his best interests and would increase the risk of recidivism and future danger to the community. A current weighing of the § 3553(a) factors, and consideration of the interests of justice do not support Mr. McWorther's request for early termination of supervised release. The Motion for Early Termination of Supervised Release under 18 U.S.C. §3583(c)(1) is, therefore, DENIED. (ECF #87).

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: November 8, 2022